1  Richard M. Wirtz (SBN 137812)
   rwirtz@wirtzlaw.com
2  Erin K. Barns (SBN 286865)
   ebarns@wirtzlaw.com
3  W I R T Z  L A W  APC
   4365 Executive Drive, Suite 1460
4  San Diego, California 92121
   voice: 858.259.5009
5
   Thomas D. Foster (SBN 213414)
6  TD Foster - Intellectual Property Law
   11622 El Camino Real, Suite 100
7  San Diego, CA 92130
   voice: 858.922.2170
8  email: foster@tdfoster.com

9  Attorneys for Plaintiff EDGE GAMES

10

                    **UNITED STATES DISTRICT COURT**
11
                    **CENTRAL DISTRICT OF CALIFORNIA**
12

| | |
|---|---|
| 13  EDGE  GAMES,  LLC  a  California Limited Liability Company, | Case Number: |
| 14  Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| 15  v. | **1.    Federal Trademark Infringement (15 U.S.C. §1114)** |
| 16  HOUGHTON  MIFFLIN  HARCOURT P U B L I S H I N G    C O M P A N Y ,    a Massachusetts Corporation; and DOES 1-10 | **2.    False Designation of Origin (15 U.S.C. §1125(A))** |
| 17 | |
| 18  Defendants. | **3.    Unfair Competition (Cal. Bus. & Prof. Code §17200)** |
| 19 | **4.    False Advertising (15 USC §1125(a)(1)(B))** |
| 20 | |
| 21 | **(DEMAND FOR JURY TRIAL)** |

22

23

24       Plaintiff Edge Games, LLC ("Edge") alleges as follows:

25       1.     This action arises from the unauthorized use of the trademark SCIENCE

26  FUSION by Houghton Mifflin Harcourt Publishing Company ("HMH").

27       2.     By using a trademark that is identical to Plaintiff's federally registered

28  trademark, Defendants have caused and are likely to continue to cause confusion

                              COMPLAINT

between Plaintiff's goods and Defendants' goods.  Consequently, Plaintiff seeks injunctive relief and damages under the federal Lanham Act (15 U.S.C. §§1051 et. Seq.), and the California Business and Professions Code.

## I.

## JURISDICTION AND VENUE

3.     This Court has personal jurisdiction over Defendant because it conducts business within the state of California and maintains an office at 11276 5ᵗʰ Street, #100 in Rancho Cucamonga, California.

4.     This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1332, 1338, and 1367.  Plaintiff's claims are, in part, based on violations of the Lanham Act, 15 U.S.C. §§1051 et. Seq.  This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. §§1332, 1338(b), and 1367.

5.     Venue lies in the Central District of California pursuant to 28 U.S.C. §1391(b), (c), and (d). Plaintiff is informed and believes that Defendants maintain an office in this district, sell their infringing products online to purchasers in this district, that consumers use the infringing products in this district, and that Defendants sell to individuals and institutional consumers of educational goods here in this district.

## II.

## THE PARTIES

6.     Plaintiff Edge Games, LLC, is a California Limited Liability Company having its principle place of business at 230 Martin Street, Lakeport, California 95453.

7.     Defendant Houghton Mifflin Harcourt Publishing Company is a Massachusetts Corporation, with its principle place of business at 222 Berkeley Street in Boston, Massachusetts. It is registered to do business in the State of California and maintains an office at 11276 5ᵗʰ Street, #100 in Rancho Cucamonga, California.

8.     Plaintiff is ignorant of the true names of defendants named as DOES 1-10 and thus names said defendants fictitiously.  These fictitious defendants include, but are not limited to, any subsidiaries and/or parent companies of Defendant HMH of which

Plaintiff is ignorant and which have participated and/or are participating in the acts of trademark infringement and unfair competition alleged herein.  Plaintiff will amend its complaint to substitute the true names of DOES 1-10 as those names are discovered.

### III.

### GENERAL ALLEGATIONS

9.     Plaintiff is the owner of the federally registered SCIENCE FUSION trademark (Registration No. 3370535) in International Class 028 for educational games in the nature of board games, card games, electronic learning toys, and puzzles.  The mark was registered on January 15, 2008, and is now incontestible.  A true and correct copy of Plaintiff's trademark registration certificate is attached as **Exhibit 1**.

10.     Plaintiff is the producer of SCIENCE FUSION, a collectible card game based on the periodic table of elements and intended to help children learn real information while having fun.  In the game, players ("Scienauts") battle one another using element characters such as Hydrogena (Hydrogen) and Ironbot (Iron).  Each element character has abilities and statistics that correspond to the element.  For example, the "attack number" is also the atomic number, the "I.P." (injury points) are the element's ionization potential, and the "electro shield" is the valence electrons.  Element characters compete in matches and victorious cards can combine into compounds, alloys, and factions.

11.     Plaintiff first began using the SCIENCE FUSION mark in commerce when it began to sell and promote its game in early 2006 and has continuously used the mark in commerce ever since.

12.     SCIENCE FUSION is sold in stores and online at www.science-fusion.com.  Also available on the website are free lesson plans for teachers and sample games that can be played electronically.  SCIENCE FUSION was voted the best new table top game at KublaCon, the largest west coast game convention in 2007.

13.     Plaintiff has begun expansion of its use of the mark into other industries, including literature.  In August 2008, "The Sweetness of Suffering--An Episode of

WIRTZ LAW APC
TRIAL ATTORNEYS
Business | Real Estate | Employment | Intellectual Property
4365 Executive Drive, Suite 1460
San Diego, CA 92130
858.259.5009
640 S. San Vicente, Suite 350
Los Angeles, A 90048
310.226.5151

Science-Fusion" (written by Plaintiff's Tim Pelzel) was first published in Of Dice & Pen, a collection of short stories by gaming's hottest creators.  Mr. Pelzel's related science fiction novel "Science-Fusion" is due to be published in 2014.

14.    Plaintiff is informed and believes that Defendant HMH is selling and offering for sale an identically named "ScienceFusion" product.  HMH's product is marketed on Defendant's website as an educational science program incorporating both a print curriculum, digital lessons, and virtual labs.

15.    HMH offers its product for sale through its online website www.hmhco.com.  Its product is sold by the 'set,' with one set required for each child. The price of each set varies between $100 and $200.  HMH also sells teachers's editions and "Delux Box" products.  Various pieces of the individual kits appears to be sold separately as well, including "Picture Sorting Cards."

## FIRST CLAIM FOR RELIEF
### Federal Trademark Infringement
### (15 U.S.C. §1114)

16.    Plaintiff realleges and incorporates by reference each of the foregoing allegations as though set forth in full at this point.

17.    Plaintiff is the owner of the federally registered and incontestible trademark SCIENCE FUSION. Defendants had either actual notice, or had constructive notice of Plaintiff's ownership and registration of SCIENCE FUSION pursuant to 15 U.S.C. §1072 prior to Defendants' adoption and use of "ScienceFusion."

18.    Defendants are using the SCIENCE FUSION trademark, without Plaintiff's consent, in connection with the sale and offering for sale of related goods. Defendants' unauthorized use of the SCIENCE FUSION trademark falsely indicates to consumers that Defendants' goods are in some manner connected with, sponsored by, affiliated with, or are in fact the goods of Plaintiff.  In the alternative, Defendants' unauthorized use of the SCIENCE FUSION trademark may cause consumers to believe that Plaintiff and its goods are in some manner connected with, sponsored by, affiliated

WIRTZ LAW APC
TRIAL ATTORNEYS
Business | Real Estate | Employment | Intellectual Property
6405 San Vicente, Suite 350
Los Angeles, CA 90048
310.226.5151
4365 Executive Drive, Suite 1460
San Diego, CA 92130
858.259.5009

with, or are in fact the goods of Defendants.  Defendants' unauthorized use of the SCIENCE FUSION trademark is likely to cause consumers to be confused as to the source, sponsorship, affiliation, or approval of the goods.

19.   Defendants are likely to cause confusion, or to cause mistake, or to deceive consumers or potential consumers in violation of 15 U.S.C. §1114.

20.   As a direct and proximate result of Defendants' conduct, Plaintiff is entitled, pursuant to 15 U.S.C. §1117(a), to recovery of: (i) Defendants' profits related to all uses of the SCIENCE FUSION trademark, and all iterations thereof; (ii) any damages sustained by Plaintiff as a result of Defendants' conduct, the precise amount of which shall be established by Plaintiff at trial; and (iii) the costs of this action.

21.   In addition, Plaintiff will be irreparably injured by Defendants' continued trademark infringement, in a manner which may be impossible to quantify, unless enjoined by this Court.  Plaintiff has no adequate remedy at law for this ongoing injury. Plaintiff therefore seeks a preliminary and permanent injunction to prohibit Defendants from any further use of the SCIENCE FUSION trademark, or any iterations thereof, in connections with the advertising, marketing, promotion, sale and offering for sale of any educational products without Plaintiff's express written consent in advance.

22.   Defendants have willfully poached Plaintiff's federally registered trademark for their own use and have launched a massive promotion of their competing product under the SCIENCE FUSION mark, despite their knowledge of Plaintiff's SCIENCE FUSION product and Plaintiff's federal registration.   Given these exceptional circumstances of flagrant and willful infringement, Plaintiff requests treble damages, judgment for a sum that this Court finds to be just, and reasonable attorney's fees, pursuant to 15 U.S.C. §1117(a).

## SECOND CLAIM FOR RELIEF

### False Designation of Origin

### (15 U.S.C. §1125(a))

23.   Plaintiff realleges and incorporates by reference each of the foregoing

allegations as though set forth in full at this point.

24.     Defendants are using in commerce and in connection with Defendants' goods, the SCIENCE FUSION trademark. This unauthorized use is likely to cause consumer confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origins, sponsorship, or approval of Defendants' goods by Plaintiff. In the alternative, Defendants' unauthorized use is likely to cause consumer confusion as to the affiliation, connection, or association of Plaintiff with Defendants, or as to the origin, or sponsorship, of Plaintiff's goods by Defendants.

25.     Plaintiff has been, is, and will be damaged by Defendants' unauthorized use of the SCIENCE FUSION trademark.

26.     As a direct and proximate result of Defendants' conduct, Plaintiff is entitled, pursuant to 15 U.S.C. §1117(a), to recovery of: (i) Defendants' profits related to all uses of the SCIENCE FUSION trademark, and all iterations thereof; (ii) any damages sustained by Plaintiff as a result of Defendants' conduct, the precise amount of which shall be established by Plaintiff at trial; and (iii) the costs of this action.

27.     In addition, Plaintiff will be irreparably injured by Defendants' continued trademark infringement, in a manner which may be impossible to quantify, unless enjoined by this Court. Plaintiff has no adequate remedy at law for this ongoing injury. Plaintiff therefore seeks a preliminary and permanent injunction to prohibit Defendants from any further use of the SCIENCE FUSION trademark, or any iterations thereof, in connections with the advertising, marketing, promotion, sale and offering for sale of any educational products without Plaintiff's express written consent in advance.

28.     Defendants have willfully poached Plaintiff's trademark for their own use and have launched a massive promotion of their competing product under the SCIENCE FUSION mark, despite their knowledge of Plaintiff's SCIENCE FUSION product and Plaintiff's federal registration. Given these exceptional circumstances of flagrant and willful infringement, Plaintiff requests treble damages, judgment for a sum that this

1    Court finds to be just, and reasonable attorney's fees, pursuant to 15 U.S.C. §1117(a)

## THIRD CLAIM FOR RELIEF

### Unfair Competition

### (Cal. Bus. & Prof. Code §17200)

29.    Plaintiff realleges and incorporates by reference each of the foregoing allegations as though set forth in full at this point.

30.    Defendants' acts described above constitute unfair competition in violation of California Business and Professions Code § 17200 et seq., as they are unlawful, fraudulent, unfair, misleading and likely to deceive the public.

31.    As a result of Defendants' acts of unfair competition, Plaintiff is entitled to restitution of the profits and other ill-gotten gains by Defendants from Defendants use of the SCIENCE FUSION mark.

32.    Plaintiff is also entitled to injunctive relief pursuant to California Business and Professions Code §17203, enjoining Defendants from using the SCIENCE FUSION mark in connection with the advertising, promotion, sale and offering for sale of educational goods without Plaintiff's express written consent in advance.

## FOURTH CLAIM FOR RELIEF

### False Advertising

### (15 USC §1125(a)(1)(B))

33.    Plaintiff realleges and incorporates by reference each of the foregoing allegations as though set forth in full at this point.

34.    Defendant is using in commercial advertising the SCIENCE FUSION mark to denote its own product.  This use in commercial advertising misrepresents the nature of Defendant's goods in that it tends to lead consumers to believe they are dealing with Plaintiff's game and/or a variation thereof, which Defendant's product is not.

35.    Plaintiff is likely to be damaged by these acts of false advertising through loss of customers and/or loss of goodwill.

36.    As a direct and proximate result of Defendants' conduct, Plaintiff is

entitled, pursuant to 15 U.S.C. §1117(a), to recovery of: (i) Defendants' profits related to all uses of the SCIENCE FUSION trademark, and all iterations thereof; (ii) any damages sustained by Plaintiff as a result of Defendants' conduct, the precise amount of which shall be established by Plaintiff at trial; and (iii) the costs of this action.

37.    In addition, Plaintiff will be irreparably injured by Defendants' continued false advertising of its product under Plaintiff's SCIENCE FUSION trademark, in a manner which may be impossible to quantify, unless enjoined by this Court.  Plaintiff has no adequate remedy at law for this ongoing injury.  Plaintiff therefore seeks a preliminary and permanent injunction to prohibit Defendants from any further use of the SCIENCE FUSION trademark, or any iterations thereof, in connections with the advertising, marketing, promotion, sale and offering for sale of any educational products without Plaintiff's express written consent in advance.

38.    Defendants have willfully poached Plaintiff's federally registered trademark for their own use and have launched a massive promotion of their competing product under the SCIENCE FUSION mark, despite their knowledge of Plaintiff's SCIENCE FUSION product and Plaintiff's federal registration.    Given these exceptional circumstances of flagrant and willful false advertising, Plaintiff requests treble damages, judgment for a sum that this Court finds to be just, and reasonable attorney's fees, pursuant to 15 U.S.C. §1117(a)

WHEREFORE, Plaintiff prays for relief as follows:

1.    Entry of an order and judgment enjoining Defendants, their officers, agents, servants, employees, owners and representatives, and all other persons or entities in active concert or participation with Defendants, from using, in any manner, the SCIENCE FUSION mark, or any colorable imitation thereof in connection with the sale, offering for sale, distribution, or advertising or promotion of any goods likely to cause consumers confusion, or to cause mistake or to deceive as to the association, origin, sponsorship, or approval of said goods, or as to the connection between Plaintiff and Defendants and/or their respective goods, and enjoining Defendants acts of unfair

competition.

2.     A judgment ordering Defendants, pursuant to 15 U.S.C. §1116(a), to file with this Court and serve upon Plaintiff within thirty (30) days after entry of the injunction, a report writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction as set forth above.

3.     A judgment in the amount of Plaintiff's actual damages, treble damages, Defendants' profits, Plaintiff's reasonable attorney's fees and costs of suit, an amount that this Court deems just given Defendants' wilful and flagrant infringement, and pre-judgment interest pursuant to 15 U.S.C. §1117;

4.     A judgment for restitution of Defendants' profits and ill-gotten gains acquired through its acts of unfair competition.

Respectfully Submitted,

DATED:     November 18, 2013          **WIRTZ LAW APC**


By:     _/s/ Richard M. Wirtz_
        Richard M. Wirtz
        Attorneys for Plaintiff