Richard M. Wirtz (SBN 137812)
rwirtz@wirtzlaw.com
Erin K. Barns (SBN 286865)
ebarns@wirtzlaw.com
WIRTZ LAW APC
4365 Executive Drive, Suite 1460
San Diego, California 92121
voice: 858.259.5009

Thomas D. Foster (SBN 213414)
TD Foster - Intellectual Property Law
11622 El Camino Real, Suite 100
San Diego, CA 92130
voice: 858.922.2170
email: foster@tdfoster.com

Attorneys for Plaintiff EDGE GAMES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGE GAMES, LLC a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>HOUGHTON MIFFLIN HARCOURT PUBLISHING COMPANY, a Massachusetts Corporation; and DOES 1-10<br><br>Defendants. | Case Number: CV13-02123 VAP (DTBx)<br><br>**EDGE GAMES, LLC'S ANSWER TO COUNTERCLAIM OF HOUGHTON MIFFLIN HARCOURT PUBLISHING CO.**<br><br>**(DEMAND FOR JURY TRIAL)** |
| HOUGHTON MIFFLIN HARCOURT PUBLISHING COMPANY, a Massachusetts Corporation**,**<br><br>Counter-claimant,<br><br>v.<br><br>EDGE GAMES, LLC a California Limited Liability Company,<br><br>Counter-Defendant. | |

//

//

ANSWER TO COUNTER-CLAIM

Plaintiff Edge Games, LLC ("Edge") hereby responds to the Counter-Claim filed by Defendant/Counter-Claimant Houghton Mifflin Harcourt Publishing Company ("Defendant" or "HMH") as follows. Unless specifically admitted, all allegations in the Counter-Claim are denied:

1. Edge admits, on information and belief, that HMH is a Massachusetts corporation with its principal place of business in Boston, Massachusetts.

2. Edge admits that it is a California Limited Liability Company with a registered address in Lakeport, California.

## JURISDICTION AND VENUE

3. Paragraph 3 contains jurisdictional allegations to which no response is required.

## FACTS

4. Edge denies Paragraph 4.

5. Admitted, except that Tim Pelzel is Edge's manager, not "manger."

6. Admitted.

7. Edge denies Paragraph 7.

8. Edge denies Paragraph 8.

9. Edge denies Paragraph 9.

## FIRST CLAIM FOR RELIEF

**(Cancellation of Trademark Registration, Lanham Act §§14 and 37)**

10. Edge realleges and incorporates by reference each of its responses to the previous paragraphs of the Counter-Claim as though set forth in full at this point.

11. Edge denies Paragraph 11.

12. Edge denies Paragraph 12.

13. Edge admits that it relies on the '535 registration and its incontestable status in its suit for trademark infringement against HMH, but otherwise denies paragraph 13.

14. Edge denies Paragraph 14.

15. Paragraph 15 is a statement of a legal conclusion and as such requires no response. To the extent that a response is needed, Plaintiff denies Paragraph 15.

## PRAYER FOR RELIEF

Edge denies that HMH is entitled to the relief requested in its Counter-Claim or any relief whatsoever.

## AFFIRMATIVE DEFENSES

Edge asserts the following separate and affirmative defenses to the Counter-Claim.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

As a first, separate and distinct affirmative defense, Plaintiff alleges that the counterclaim fails to state facts sufficient to constitute any claim for relief against it.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

As a second, separate and distinct affirmative defense, Plaintiff alleges that HMH lacks standing in that it has no right to use the trademark and thus no real and rational basis for the belief that it is damaged by the registration.

## THIRD AFFIRMATIVE DEFENSE
### (Laches)

As a third, separate and distinct affirmative defense, Plaintiff alleges that the counterclaim is barred by the doctrine of Laches.

## FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

As a fourth, separate and distinct affirmative defense, Plaintiff alleges that the counterclaim is barred by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

As a fifth, separate and distinct affirmative defense, Plaintiff alleges that the

counterclaim is barred by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

As a sixth, separate and distinct affirmative defense, Plaintiff alleges that the counterclaim is barred in whole or in part by reason of Defendant's unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Entitlement to Relief Requested)

As a seventh, separate and distinct affirmative defense, and to the extent Defendant purports to seek attorney's fees from Plaintiff, Plaintiff alleges that neither the Lanham Act nor the law authorizes Defendant to recover attorney's fees on its counter-claim.

## EIGHTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

As an eighth, separate and distinct affirmative defense Plaintiff alleges that the counterclaim is barred by the applicable statute of limitations. 15 U.S.C. §1064; CCP §§338, 343.

## NINTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

As a ninth, separate and distinct affirmative defense Plaintiff alleges that the counterclaim is barred by Defendant's failure to mitigate any alleged damages.

//
//
//
//
//
//
//
//

## **TENTH AFFIRMATIVE DEFENSE**

### **(Right to Assert Additional Defenses)**

Plaintiff reserves the right to assert additional, but as-of-yet-unstated affirmative defenses which may be available in the event that it becomes apparent after conducting discovery that such defenses are appropriate.

Respectfully Submitted,

DATED: January 3, 2014 **WIRTZ LAW APC**

By: */s/ Richard M. Wirtz*
Richard M. Wirtz
Attorney for Plaintiff