UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGE GAMES, LLC a California Limited Liability Company,<br><br>                Plaintiff,<br><br>  vs.<br><br>HOUGHTON MIFFLIN HARCOURT PUBLISHING COMPANY, a Massachusetts Corporation; and DOES 1-10,<br><br>                Defendants.<br><br>HOUGHTON MIFFLIN HARCOURT PUBLISHING COMPANY, a Massachusetts Corporation,<br><br>                Counter-Claimant,<br><br>  vs.<br><br>EDGE GAMES, LLC a California Limited Liability Company,<br><br>                Counter-Defendant. | Case No. EDCV13-02123 VAP (DTBx)<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, FOR SUMMARY ADJUDICATION OF ISSUES**<br><br>Date: May 4, 2015<br>Time: 2:00 p.m.<br>Court: 2 |

The Motion for Summary Judgment or, Alternatively, for Partial Summary Adjudication of Issues filed by Defendant and Counter-Claimant Houghton Mifflin Harcourt Publishing Company ("HMH"), came on for hearing on May 4, 2015, in Courtroom 2 before the Honorable Virginia A. Phillips. Having reviewed and considered the motion and all other papers submitted and having heard the arguments of the parties, if any, the Court hereby GRANTS in its entirety HMH's Motion.

In particular, the Court holds the following:

1. HMH is entitled to summary judgment for trademark infringement under the Lanham Act, false designation of origin under the Lanham Act, and unfair competition because Edge Games cannot prove that HMH's use of the *ScienceFusion* title creates a likelihood of confusion. *See Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999); *Acad. of Motion Picture Arts & Scs. v. Creative House Promotions, Inc.*, 944 F.2d 1446, 1457 (9th Cir. 1991).

2. HMH is also entitled to summary judgment for trademark infringement under the Lanham Act, false designation of origin under the Lanham Act, and unfair competition because (a) there is no evidence of any actual damages suffered by Edge Games (*Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1407 (9th Cir.1993)); (b) disgorgement of HMH's profits is unavailable because it is undisputed that HMH has not made any profits from the sales of its textbooks, Edge Games is not a direct competitor of HMH entitled to profits, and there is no evidence that HMH acted willfully (*id.*; *Maier Brewing Co. v. Fleischmann Distilling Corp.*, 390 F.2d 117, 121 (9th Cir. 1968); *Adray v. Adry–Mart, Inc.*, 76 F.3d 984, 988 (9th Cir.1995)); and (c) disgorgement of profits is not an available remedy under Business and Professions Code § 17200 (*Korea Supply Co v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1152 (2003); *BizCloud, Inc. v. Computer Scis. Corp.*, No. C-14-00162 JCS, 2014 WL 1724762 at *4 (N.D. Cal. Apr. 29, 2014)).

3. HMH is entitled to summary judgment for false advertising under the Lanham Act because there is no evidence that HMH has made a false statement of

1  fact as to the nature, characteristics, qualities, or geographic origin of its
2  *ScienceFusion* textbook or of Edge's game.  *Southland Sod Farms v. Stover Seed*
3  *Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).  Nor is there evidence that any false
4  statement by HMH actually deceived, has the tendency to deceive a substantial
5  segment of its audience or that Edge Games has been, or that Edge Games is likely to
6  be injured as a proximate result of any false statement of fact by HMH.  *Harper*
7  *House, Inc. v. Thomas Nelson, Inc.,* 889 F.2d 197, 210 (9th Cir. 1989).

8
9          IT IS SO ORDERED.
10
11     DATED:_____     _____
12                                         Honorable Virginia A. Phillips
                                         U.S. DISTRICT COURT JUDGE

[PROPOSED] ORDER GRANTING SUMMARY JUDGMENT
DWT 26576307v1 0096293-000007