Davis Wright Tremaine LLP
865 S. Figueroa St., Suite 2400
Los Angeles, California 90017-2566
Telephone (213) 633-6800
Fax (213) 633-6899
CARLA A. MCCAULEY (State Bar No. 223910)
 carlamccauley@dwt.com
DIANA PALACIOS (State Bar No. 290923)
 dianapalacios@dwt.com

Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
Telephone (206) 622-3150
Fax: (206) 757-7700
STUART R. DUNWOODY (*pro hac vice*)
 stuartdunwoody@dwt.com

Attorneys for Defendant and Counter-Claimant
HOUGHTON MIFFLIN HARCOURT
PUBLISHING COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGE GAMES, LLC a California Limited Liability Company,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>HOUGHTON MIFFLIN HARCOURT PUBLISHING COMPANY, a Massachusetts Corporation; and DOES 1-10,<br><br>　　　　　Defendants.<br><br>HOUGHTON MIFFLIN HARCOURT PUBLISHING COMPANY, a Massachusetts Corporation,<br><br>　　　　　Counter-Claimant,<br><br>　vs.<br><br>EDGE GAMES, LLC a California Limited Liability Company,<br><br>　　　　　Counter-Defendant. | Case No. CV13-02123 VAP (DTBx)<br><br>**APPLICATION TO FILE UNDER SEAL DOCUMENTS SUBMITTED IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, FOR PARTIAL SUMMARY ADJUDICATION OF ISSUES**<br><br>**[L.R. 79-5.1; PURSUANT TO PROTECTIVE ORDER]**<br><br>[McCauley Declaration in Support of Application to File Under Seal; {proposed} order concurrently submitted]<br><br>Date: May 4, 2015<br>Time: 2:00 p.m.<br>Court: 2 |

Pursuant to Local Rule 79-5.1 and paragraph 12.3 of the Stipulated Protective Order (Dkt. 27-1), Defendant and Counter-Claimant Houghton Mifflin Harcourt ("HMH ") respectfully submits this application for an order permitting HMH to file under seal the following documents:

1. The unredacted version of the Declaration of Andrew Weisman in support of HMH's motion for summary judgment, or in the alternative, for partial summary judgment.

2. The unredacted version of the Declaration of James E. Pampinella in support of HMH's motion for summary judgment, or in the alternative, for partial summary judgment.

3. Exhibit 30 to the Pampinella Declaration in support of Defendant's motion for summary judgment, or in the alternative, for partial summary judgment.

HMH seeks to seal these documents because they reveal HMH's sensitive and confidential business information.  A party may submit documents concerning a dispositive motion to the court under seal, where compelling reasons exist to keep the documents (or portions of it) out of the public eye.  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).  Compelling reasons that justify sealing court records exist where "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (citing *Nixon v. Warner Comms*., Inc., 435 U.S. 589, 598 (1978)).  Compelling reasons also exist where "public disclosure of [the movant's] confidential business materials such as marketing strategies, sales and retailer data, product development plans, [and] unused prototypes . . . could result in improper use by business competitors seeking to replicate [movant's] business practices and circumvent the considerable time and resources necessary in product and marketing development."  *Bauer Bros. LLC v. Nike, Inc*., No. 09CV500-WQH-BGS, 2012 WL 1899838, at *2 (S.D. Cal. May 24,

1

2012). The court in *Bauer Bros.*, for example, found compelling reasons to seal documents that Nike filed to support its motion for summary judgment because those documents contained confidential business materials. *Id.*

Exhibit 30 to the Pampinella Declaration has been marked "Confidential" under the terms of the Protective Order in this action because it is maintained as confidential information by HMH. The report details HMH's economic and business considerations and contains information regarding gross sales, costs, and profit margins. The unredacted Pampinella Declaration contains excerpts of confidential financial information contained in Exhibit 1. Similarly, the unredacted Weisman declaration contains confidential product-specific sales information. None of this information is generally known to others and the disclosure of this information would harm HMH's competitive interests because this would give an unfair advantage to its competitors by allowing competitors to undercut HMH's business decisions and exploit HMH profit margins to HMH's detriment. Declaration of Carla A. McCauley ¶¶ 2-3; *see Algarin v. Maybelline, LLC*, No. 12CV3000 AJB DHB, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014) (finding compelling reasons to seal confidential business information, including sales data); *In re Hydroxycut Mktg. & Sales Practices Litig.*, No. 09MD2087 BTM AJB, 2011 WL 3759632, at *1 (S.D. Cal. Aug. 25, 2011) (finding compelling reasons to seal a document that contained pricing information).

Moreover, because the redactions are minimal and HMH only seeks to seal one document, granting HMH's application to seal will not diminish the public's ability to determine the nature of the proceedings or the matters at issue in this action. *Interserve, Inc. v. Fusion Garage PTE. Ltd.,* No. C 09-5812 RS, 2012 WL 1995278, at *2 n. 1 (N.D. Cal. June 4, 2012).

//

//

//

2

For these reasons, HMH respectfully request that the Court order the unredacted version of the Pampinella Declaration, Exhibit 30 to the Pampinella Declaration, and the unredacted Weisman Declaration be filed under seal.

DATED: April 3, 2015

DAVIS WRIGHT TREMAINE LLP
CARLA A. MCCAULEY
STUART R. DUNWOODY


By: _____/s/Carla A. McCauley_____
                Carla A. McCauley

Attorneys for Defendant
HOUGHTON MIFFLIN HARCOURT
PUBLISHING COMPANY

3

## PROOF OF SERVICE BY FEDERAL EXPRESS

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine, LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566. I am familiar with the practice at my place of business for collection and processing of correspondence for overnight delivery by Federal Express. Such correspondence will be deposited with a facility regularly maintained by Federal Express for receipt on the next business day.

On April 3, 2015, I served the following document(s): **APPLICATION TO FILE UNDER SEAL DOCUMENTS SUBMITTED IN SUPPORT OF DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT [L.R. 79-5.1]** by placing a **true copy or original** in a separate envelope for each addressee named below, with the name and address of the person served shown on the envelope as follows:

Richard M. Wirtz, Esq.
Erin K. Barns, Esq.
WIRTZ LAW APC
4365 Executive Drive, Suite 1460
San Diego, CA 92121

and by sealing the envelope and placing it for collection and delivery by Federal Express with delivery fees paid or provided for in accordance with ordinary business practices.

Executed on April 6, 2015, at Los Angeles, California.

☐   State       I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☑   Federal     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| | |
|---|---|
| Frank M. Romero | _Frank M Romero_ |
| Print Name | Signature |