Davis Wright Tremaine LLP
865 S. Figueroa St., Suite 2400
Los Angeles, California 90017-2566
Telephone (213) 633-6800
Fax (213) 633-6899
CARLA A. MCCAULEY (State Bar No. 223910)
 carlamccauley@dwt.com
DIANA PALACIOS (State Bar No. 290923)
 dianapalacios@dwt.com

Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
Telephone (206) 622-3150
Fax: (206) 757-7700
STUART R. DUNWOODY (*pro hac vice*)
 stuartdunwoody@dwt.com

Attorneys for Defendant and Counter-Claimant
HOUGHTON MIFFLIN HARCOURT
PUBLISHING COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGE GAMES, LLC a California Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> HOUGHTON MIFFLIN HARCOURT PUBLISHING COMPANY, a Massachusetts Corporation; and DOES 1-10, <br><br> Defendants. | Case No. EDCV13-02123 VAP (DTBx) <br><br> **REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES** <br><br> Date: May 4, 2015 <br> Time: 2:00 p.m. <br> Court: 2 |
| HOUGHTON MIFFLIN HARCOURT PUBLISHING COMPANY, a Massachusetts Corporation, <br><br> Counter-Claimant, <br><br> vs. <br><br> EDGE GAMES, LLC a California Limited Liability Company, <br><br> Counter-Defendant. | |

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ........................................................................ 1

II.  ARGUMENT ............................................................................. 1

    A.  All of HMH's Undisputed Facts Are Deemed Admitted. ................... 1

    B.  Edge Games' Cross-Motion Provides No Grounds for Denial of HMH's Motion for Summary Judgment. ............................................. 2

        1.  No Support Is Provided for Any Monetary Remedy. ................ 3

        2.  No Support Is Provided for the False Advertising Claim. ....................................................................................... 4

        3.  No Support Is Provided for Forward Confusion. ........................ 4

        4.  There Is No Evidence of Reverse Confusion. ............................ 5

III.  CONCLUSION .......................................................................... 9

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

Page

**Cases**

*Beard v. Banks*,
   548 U.S. 521 (2006)..................................................................................2

*Echo Drain v. Newsted*,
   307 F. Supp. 2d 1116 (C.D. Cal. 2003) ...........................................5, 7

*Henry v. Gill Indus., Inc.*,
   983 F.2d 943 (9th Cir. 1993) ..................................................................2

*James R. Glidewell Dental Ceramics, Inc. v. Keating Dental Arts, Inc.*,
   No. SACV 11-1309-DOC, 2013 WL 655314 (C.D. Cal. Feb. 21,
   2013) ........................................................................................................8

*Keenan v. Allan*,
   91 F.3d 1275 (9th Cir. 1996) ..................................................................2

*M2 Software Inc. v. Madacy Entm't*,
   421 F.3d 1073 (9th Cir. 2005) ................................................................7

*Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*,
   290 F. Supp. 2d 1083 (C.D. Cal. 2003) ................................................8

*Network Automation Inc. v. Advanced Sys. Concepts, Inc.*,
   638 F.3d 1137 (9th Cir. 2011) ................................................................7

*Simmons v. Navajo Cnty.*,
   609 F.3d 1011 (9th Cir. 2010) ................................................................2

*Stonefire Grill, Inc. v. FGF Brands, Inc.*,
   987 F. Supp. 2d 1032 (C.D. Cal. 2013) .............................................6, 9

*Surfvivor Media, Inc. v. Survivor Prods.*,
   406 F.3d 625 (9th Cir. 2005) ...............................................................4, 7

*Walter v. Mattel, Inc.*,
   31 F. Supp. 2d 751 (C.D. Cal. 1998) .....................................................5

REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
DWT 26662312v2 0096293-000007

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Zhongshan Hengfu Furniture Co., Ltd., v. Home Accents Alliance, Inc.*,
No. EDCV 14-00038-VAP, 2014 U.S. Dist. LEXIS 149626 (C.D.
Cal. Oct. 20, 2014) ................................................................................. 1

**Statutes**

15 U.S.C.
§ 1114 ........................................................................................... 3
§ 1114 a ........................................................................................ 2

California Business and Professions Code § 17200 ................................... 3

**Rules**

Federal Rule of Civil Procedure
26(e) ............................................................................................. 5
56(e) ............................................................................................. 1

FRE 801, 802, 1002 ................................................................................ 5

Local Rule
56-2 .............................................................................................. 2
56-3 .............................................................................................. 1

REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
DWT 26662312v2 0096293-000007

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# I.    INTRODUCTION

The failure of Plaintiff Edge Games LLC to file any opposition to the Motion for Summary Judgment or, Alternatively, Motion for Partial Summary Adjudication of Issues of Defendant and Counter-Claimant Houghton Mifflin Harcourt Publishing Company ("HMH's Motion") speaks volumes.

Given Edge Games' failure to file a Statement of Genuine Disputes of Material Facts, the facts set forth in HMH's Statement of Undisputed Facts are deemed admitted under the Local Rules and the Federal Rules of Civil Procedure. Edge Games likewise has failed to respond not only to the legal authority cited in HMH's Motion concerning likelihood of confusion factors, but also to HMH's authority regarding the non-availability of monetary remedies and Edge Games' false advertising claim. Even if the Court considers Edge Games' cross-motion for summary judgment when considering HMH's showing on its own motion, all of HMH's facts must be deemed undisputed and admitted. Given that HMH's legal authority is unquestioned and the facts set forth in its Statement of Undisputed Facts are deemed admitted, HMH respectfully requests that its Motion be granted, and judgment against Edge Games be entered in this action.

# II.    ARGUMENT

## A.    All of HMH's Undisputed Facts Are Deemed Admitted.

All of the facts identified in HMH's Statement of Undisputed Facts are deemed admitted based on Edge Games' failure to file any opposition to HMH's Motion. "Where, as here, a party fails to file opposing papers or evidence, the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy." *Zhongshan Hengfu Furniture Co., Ltd., v. Home Accents Alliance, Inc*., No. EDCV 14-00038-VAP (DTBx), 2014 U.S. Dist. LEXIS 149626 at *5 (C.D. Cal. Oct. 20, 2014) (internal citations omitted); *see also* Local Rule 56-3 and Fed. R. Civ. P. 56(e).

REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
DWT 26662312v2 0096293-000007

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

The Court does not have an "independent duty 'to scour the record in search of a genuine issue of triable fact,'… [and is] 'under no obligation to undertake a cumbersome review of the record on the [nonmoving party's] behalf.'" *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1017 (9th Cir. 2010) (quoting *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996)). Where, as HMH has done here, the moving party has made a strong showing of all the facts necessary for entry of judgment, fully supported by record evidence, summary judgment is appropriate. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).

Nor is Edge Games' filing of its own cross-motion for summary judgment as to the liability determination of its first cause of action for federal trademark infringement under 15 U.S.C. § 1114 a substitute for an opposition or statement of genuine disputes of material facts in accordance with Local Rule 56-2. In fact, the Supreme Court has affirmed a grant of summary judgment in which the district court deemed admitted the moving party's facts because the non-moving party had not filed an opposition to the motion for summary judgment, or the statement of disputed facts required by the local rules of that court, and instead opted to rely on its cross-motion for summary judgment. *Beard v. Banks*, 548 U.S. 521, 527 (2006). As the Supreme Court held, "by failing specifically to challenge the facts identified in the defendant's statement of undisputed facts, Banks is deemed to have admitted the validity of the facts contained in the Secretary's statement." *Id*. Similar to the situation in *Beard v. Banks*, by failing to file an opposition to HMH's Motion or any statement of genuine disputes of material facts, and relying solely on its cross-motion, Edge Games "failed to point to 'specific facts' in the record that could 'lead a rational trier of fact to find' in [its] favor." *Id*. at 535. Summary judgment therefore is appropriate.

## B.   Edge Games' Cross-Motion Provides No Grounds for Denial of HMH's Motion for Summary Judgment.

Even taking into account Edge Games' cross-motion for summary judgment,

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

HMH's Motion must be granted in its entirety.  Not only is Edge Games' cross-motion limited to the narrow issue of liability on its first claim for relief, but even when accounting for its arguments on likelihood of confusion, judgment must be entered in favor of HMH.

### 1.   No Support Is Provided for Any Monetary Remedy.

Edge Games' cross-motion is limited to the issue of liability on its first claim for infringement under 15 U.S.C. § 1114. It says nothing about Edge Games' entitlement to any monetary remedy under any of its claims for relief. As such, HMH's facts are deemed admitted as to those pertinent to the issue of monetary remedies. It is therefore undisputed that: (a) Edge Games has no evidence it has sustained any lost profits as a result of conduct of HMH; (b) Edge Games has never licensed Science-Fusion as a mark or generated any licensing revenue; (c) Edge Games has no evidence about any lost sales resulting from injury to its goodwill; (d) Edge Games cannot state how much it has spent on advertising; (e) Edge Games has provided no expert testimony to support any theory of damages; (f) HMH has incurred a financial loss on its *ScienceFusion* textbook program; (g) HMH is a not a competitor of Edge Games; and (h) HMH had no knowledge of Edge Games or its mark when it adopted *ScienceFusion* as the title of its textbook program. *See* HMH Statement of Uncontroverted Facts ("HMH SUF") 47, 63-68, 74-75, 77, 106-108. For the reasons stated in HMH's Motion, Edge Games is not entitled to any monetary award. HMH's Motion at 18-23. Moreover, Edge Games has not disputed that its claim for a monetary award for alleged violation of California Business and Professions Code Section 17200 is an impermissible remedy under that statute. HMH's Motion at 23-24. In light of these undisputed facts and the unchallenged legal authority provided in HMH's Motion, at a minimum, summary adjudication of all monetary remedies claimed by Edge Games must be granted.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## 2.      No Support Is Provided for the False Advertising Claim.

Edge Games' cross-motion says nothing about its false advertising claim. Consequently, it is undisputed that: (a) HMH and Edge Games sell vastly different products, and sell them to vastly different customers, and are not competitors; (b) there is no evidence that any consumer considered HMH's title to be false or somehow suggestive that the *ScienceFusion* textbook program was sponsored by anyone other than HMH; (c) Edge Games has not disclosed a report from a consumer survey expert; (d) Edge Games cannot state how much it has spent on advertising; and (e) Edge Games has offered no evidence that it has sustained any lost profits as a result of conduct by HMH. HMH SUF 39, 64-65, 105-106. Again, as Edge Games has neither disputed any of the facts supported by HMH's Statement of Uncontroverted Facts, nor provided any response to the legal authority for summary judgment provided by HMH, Edge Games' fourth claim for false advertising under the Lanham Act must be summarily adjudicated for the reasons stated in HMH's Motion. HMH's Motion at 24-25.

## 3.      No Support Is Provided for Forward Confusion.

While Edge Games' cross-motion does address whether there is reverse confusion between the products, it does not address whether forward confusion between the products exists. In fact, Edge Games appears to concede that its trademark infringement claim is limited to a reverse confusion theory. *See* Edge Games' Motion at 12:14 ("This is a reverse confusion case."). Edge Games also puts forward no evidence that HMH had any knowledge of the existence of Edge Games or its game, or that any consumer mistakenly purchased HMH's goods believing Edge Games to be the sponsor or source of HMH's goods. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 630 (9th Cir. 2005). The opposite facts therefore are deemed admitted. HMH SUF 40, 74, 104. Consequently, it is undisputed that there is no likelihood of forward confusion.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

#### 4.      There Is No Evidence of Reverse Confusion.

For all the reasons discussed in HMH's opposition to Edge Games' cross-motion, there is no likelihood of reverse confusion between these very different products. Edge Games' motion provides no admissible evidence in support of its argument regarding likelihood of confusion. Rather, it relies almost entirely on the unsigned declaration of Tim Pelzel and the unauthenticated deposition excerpts of Peggy Smith-Herbst and David Eber. HMH has already requested that the Pelzel declaration and the Smith-Herbst and Eber deposition excerpts be stricken, as set forth in its Evidentiary Objections filed on April 13, 2015. As for the deposition excerpts of Raymond Pelzel and Andrew Leach, those depositions suffer from their own evidentiary problems, as Leach's unsupported statements are hearsay and Pelzel's statements concern a document that was never produced in discovery. *See* FRE 801, 802, 1002; Fed. R. Civ. P. 26(e); *see also* HMH Statement of Genuine Disputes of Material Fact ("SGD") 22-23, 25. Moreover, both individual's statements in deposition are entirely irrelevant to the critical question of whether any actual members of the buying public would mistakenly purchase an Edge Games product believing it was an HMH product, or vice versa. *Echo Drain v. Newsted*, 307 F. Supp. 2d 1116, 1126 (C.D. Cal. 2003); *see also Walter v. Mattel, Inc.,* 31 F. Supp. 2d 751, 758 (C.D. Cal. 1998) ("a potential consumer of Plaintiff's goods, while making a purchasing decision, must believe that they are dealing with Mattel, i.e. that Mattel 'sponsored,' 'is the source of,' or 'manufactured' those goods.").

Even if the Court were to ignore the evidentiary problems with Edge Games' materials submitted in support of its cross-motion, and were instead to consider whether any of those materials dispute the facts established by HMH's Motion, the clear answer is that they do not. None of the facts provided by Edge Games in its cross-motion support the existence of likelihood of confusion between these products.

REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
DWT 26662312v2 0096293-000007

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

There is simply no dispute that Edge Games' Science-Fusion The Elements of the Scienauts: The Game About the Periodic Table, and HMH's *ScienceFusion* textbook program are very different products that are sold to very different customers through very different marketing channels. *See* HMH's Motion at 8-9, 14-16. HMH markets its *ScienceFusion* textbook program to professionals within school districts and schools who make district- and school-wide decisions to purchase a new textbook program for use across an entire district and school, across all grades and all classrooms, and typically with a multi-year commitment. In stark contrast, Edge Games' card game is a one-time consumer purchase, sold mainly through personal sales and, during its launch years (before HMH introduced its book), through attendance at game trade shows. It is uncontroverted that Edge Games has never attended the same trade shows as HMH, and has never marketed to schools, much less through the same marketing channels used by HMH. Edge Games provided no evidence in its cross-motion that disputes the fact of the parties' divergent products, customers and marketing channels. *Cf.* SGD 14-15 *with* SGD 112-113 and HMH SUF 19, 21, 28-37, 82-87, 89-102; *Stonefire Grill, Inc. v. FGF Brands, Inc.,* 987 F. Supp. 2d 1032, 1055 (C.D. Cal. 2013) ("It is undisputed that Plaintiff's and Defendant's products are not encountered together in the marketplace and do not rely on the same methods of marketing, distribution, or sale.").

While it is undisputed that both parties have sold products on the Internet, there is no evidence that the products appear side-by-side on any Internet website, or are marketed to the same consumers through those channels. It is also undisputed that HMH makes only a minuscule share of its sales via the Internet, while Edge Games cannot even say how many sales it has made through the Internet. HMH SUF 28-31, 97, 101-102. Indeed, Edge Games' total sales are very small, with a precipitous drop following its first two years of sales, in 2006 and 2007—long before HMH entered the marketplace. HMH SUF 54-62. Even Edge Games' post-litigation foray into selling on Amazon.com appears to have been suspended. SGD 114. And Edge

REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
DWT 26662312v2 0096293-000007

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Games has not disputed the authority provided by HMH that mere co-existence on the Internet, in any event, does not suffice to show overlapping marketing channels. *See M2 Software Inc. v. Madacy Entm't,* 421 F.3d 1073, 1084 (9th Cir. 2005) (error to hold sales on Amazon sufficient basis for finding of overlap of marketing channels); *Network Automation Inc. v. Advanced Sys. Concepts, Inc.,* 638 F.3d 1137, 1151 (9th Cir. 2011) (that both parties advertise on Internet sheds no light on likely confusion). It is also undisputed that the parties have no plans to expand into one another's product areas, as HMH has no plans to expand beyond a science textbook program, and Edge Games has no concrete plans for expansion to anything other than its card game. *Surfvivor Media,* 406 F.3d at 634 (failure to adduce any concrete evidence of expansion tilts factor in favor of defendant); HMH SUF 48-53.

In addition, Edge Games did not provide the Court with any evidence to dispute the fact that there is no similarity between the marks, particularly under the appropriate test, in which the marks are viewed in their entirety as they are encountered in the marketplace. *M2 Software*, 421 F.3d at 1082; HMH's Motion at 10-11. In fact, Edge Games did not provide the Court with any analysis of the appearance of either product. Edge Games also presented no evidence disputing either the care that HMH's customers exercise when purchasing a textbook program, or the care Edge Games' customers use when considering purchase of a new game. *Cf.* SGD 27 *with* SGD 110 and HMH SUF 86-88. And Edge Games has not provided any evidence that disputes the fact that both parties' marks are weak, with no bolstering by significant advertising. *Echo Drain*, 307 F. Supp. 2d at 1124-25; HMH SUF 22, 85, 90-102.

Given these undisputed facts, it is not surprising that Edge Games has been unable to identify a single customer confused between the products, or, critically, who made (or failed to make) a purchase of either Edge Games' product or HMH's product as a consequence. *Cf.* SGD 22-23, 25 *with* HMH SUF 40, 104. As put by Corinne Harrison, the game shop owner who bought Edge Games' game at a trade

show in 2007:  "I do not believe it is possible to be confused between a textbook called ScienceFusion and the Science-Fusion game sold by Edge Games because they are very different products." Harrison Decl. ¶ 6; HMH SUF 45. It is also not surprising that Edge Games never produced the survey that its expert conducted in this case—a fact that leads to the presumption that the survey would not have shown any confusion either. HMH SUF 38-39; *James R. Glidewell Dental Ceramics, Inc. v. Keating Dental Arts, Inc.*, No. SACV 11-1309-DOC (ANx), 2013 WL 655314, at *9 (C.D. Cal. Feb. 21, 2013).

Finally, there is no evidence that HMH acted with intent to confuse or deceive when it decided to call its textbook program *ScienceFusion*. No one at HMH had any knowledge of Edge Games or its game when HMH selected the title. HMH SUF 74-75. Moreover, if HMH had known about Edge Games—and the undisputed evidence is that it did not—adopting *ScienceFusion* as a textbook program title would have been completely reasonable given the very different nature of these products. *Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 290 F. Supp. 2d 1083, 1095 (C.D. Cal. 2003) (holding "infringement is not willful if the defendant might have reasonably thought that its proposed usage was not barred by the statute."). Edge Games has neither disputed these facts, nor the law regarding intent posed by HMH.

It therefore is undisputed that: (a) the Science-Fusion mark is not strong, and HMH has not bolstered the strength of the mark through its marketing efforts, which are narrowly targeted; (b) the goods are not related goods, as they are not sold or used together, sold to the same class of purchasers, or similar in use or function; (c) the marks as they are encountered in the marketplace are not similar in sound, sight or meaning; (d) there is no evidence of actual confusion, and instead a presumption that Edge Games' survey would have shown no actual confusion; (e) the parties' marketing channels do not overlap; (f) the parties' customers use care in the purchase of the goods, both because neither party's goods are inexpensive, and HMH's textbook program in particular represents a significant financial expense for schools;

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

(g) HMH did not adopt *ScienceFusion* with intent to capitalize on Edge Games' reputation or goodwill; and (h) the parties are not likely to expand into each other's product categories. In light of these facts, the likelihood of confusion analysis weighs heavily in favor of HMH, and summary judgment dismissing Edge Games' first, second and third causes of action should therefore be entered. *Stonefire Grill*, 987 F. Supp. 2d at 1047 (holding summary judgment on likelihood of confusion analysis appropriate where evidence is clear and tilts heavily in favor of one party).

## III.   CONCLUSION

HMH respectfully requests that the Court grant its Motion for Summary Judgment, based upon the undisputed evidence showing all eight *Sleekcraft* factors lead to the conclusion of no likelihood of confusion, that there has been no false advertising by HMH, and that, in the alternative, Edge Games would not be entitled to any monetary relief for any of its claims in any event.

DATED: April 20, 2015

DAVIS WRIGHT TREMAINE LLP
STUART R. DUNWOODY (*pro hac vice*)
CARLA A. MCCAULEY
DIANA PALACIOS


By: _____/s/Carla A. McCauley_____
              Carla A. McCauley
Attorneys for Defendant and Counter Claimant
HOUGHTON MIFFLIN HARCOURT
PUBLISHING COMPANY

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899